IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY M. SCHWARTZ<br>258 Balligomingo Road<br>Gulf Mills, PA 19428<br>　　　　　　　Plaintiff<br>　v.<br><br>RADNOR TOWNSHIP SCHOOL DIST.<br>135 S. Wayne Avenue<br>Wayne, PA 19087<br>　　　　　　　Defendant | Civil Action No. _____ |

# COMPLAINT

Plaintiff, Nancy M. Schwartz, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action against Defendant, Radnor Township School District, for claims of discrimination and retaliation in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et. seq.*, and in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et. seq.*, for refusal to hire. Plaintiff alleges and avers:

## Parties

1. Plaintiff, Nancy M. Schwartz, is an adult female individual that is Jewish, has Jewish ancestry, and practices Judaism, and resides at the above captioned address.

2. Defendant, Radnor Township School District ("Defendant RTSD"), is a public-school district existing under the laws of the Commonwealth of Pennsylvania with a principal office at the above captioned address, and at all times relevant, Defendant RTSD was responsible for hiring for the building substitute position to which Plaintiff applied, and Defendant RTSD was Plaintiff's former employer.

3.      Defendant RTSD agreed, accepted, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its board, superintendent, administrators, managers, supervisors, employees, and agents, which includes Defendant RTSD's Director of Human Resources, Todd Stitzel.

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the state law claims.

5.      Venue is appropriate before this Court as Defendant RTSD resides in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and/or Philadelphia County).

6.      This Court maintains jurisdiction over Plaintiff's causes of action as Plaintiff has exhausted her administrative remedies, having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff having received a Notice of Right to Sue.

**Summary of Facts**

7.      Plaintiff, Nancy M. Schwartz, has more than 30 years of experience in education, has three degrees (Early Childhood Education, Elementary Education, and Reading Specialist), and Plaintiff has a certification as an ESL Program Specialist.

8.      Plaintiff worked for Defendant RTSD as an ESL Program Specialist from around January of 2003 to January of 2018.

9. During that time, Plaintiff had an excellent work history and had attained a top rate of earning, before voluntarily resigning.

10. During Plaintiff's employment with Defendant RTSD, she complained on or about May 2, 2014 that her supervisor and then Principal of Wayne Elementary, Anthony Rybarczyk, had made a discriminatory comment regarding her race, religion, and/or Judaism at a meeting, stating that Plaintiff teaches like "John Jewey," which was a reference to John Dewey the philosopher, psychologist, and educational reformer from the 1800s and 1900s but with the intentional change of Plaintiff's last name to "Jewey" in reference Plaintiff, Plaintiff's Jewish ancestry, and/or Plaintiff's practice of Judaism.

11. Plaintiff formally complained about the discriminatory comment to, among others, Defendant RTSD's Director of Human Resources, Todd Stitzel.

12. There was an investigation into Plaintiff's complaint that included interviews and meetings, and eventually Principal Mr. Rybarczyk was disciplined and/or had to apologize.

13. Plaintiff's employment thereafter, however, became increasingly difficult and scrutinized, resulting in Plaintiff's voluntary resignation in January of 2018.

14. Plaintiff worked several teaching jobs following Defendant RTSD, including as a cyberteacher and eventually employment with Haddon Township School District.

15. In 2022, Plaintiff worked part-time for Haddon Township School District under a written contract, from which Plaintiff earned $28,000 a year.

16. On or about October 14, 2022, Emily Cardow of Kelly Services, Inc., doing business as Kelly Education, emailed Plaintiff about a position with Defendant RTSD working as a building substitute, primarily at Defendant RTSD's Radnor Elementary.

17. The position paid $200 a day, Monday through Friday.

18. Believing and hoping the discrimination and retaliation she previously experienced at Defendant RTSD had abated, Plaintiff was interested and considering the job.

19. Plaintiff confirmed interest in the position and on October 15, 2022, Ms. Cardow emailed Ms. Schwartz "I just heard back this morning and they [Defendant RTSD] would love to have you as a building sub at Radnor Elementary!!!!  Please continue with your application and hiring process (smiley face emoji)."

20. On information and belief, Plaintiff's name was not immediately revealed to Defendant RTSD, and/or if it were revealed, it had not gotten to the people involved with the foregoing.

21. Plaintiff completed onboarding information and was told by Kelly Education employees to begin separating from employment with Haddon Township School District.

22. Plaintiff gave notice of her intent to break the contract with Haddon Township.

23. On October 27, 2022, however, Kelly Services', Ms. Cardow emailed Plaintiff "I spoke with the district [Defendant RTSD] again on this.  Unfortunately, at this time, we do not have the availability to have you as a building sub on need."

24. Plaintiff attempted a return to work for Haddon Township but was denied.

25. It is alleged and believed Defendant RTSD's Director of Human Resources, Todd Stitzel, and/or persons aware of Plaintiff's protected class and prior action of taking protected activity had become involved and/or aware of the hiring process and decided to not hire Plaintiff in furtherance of race, religion, and/or other protected classes discrimination and retaliation.

26. Plaintiff was the most qualified person for the building substitute position.

27. Defendant RTSD considered Plaintiff's protected classes and her prior protected activity of having made a complaint about discrimination, in denying her hire.

28. Defendant RTSD hired a person outside Plaintiff's protected classes and/or someone that had not taken protected activity, instead of Plaintiff.

29. Alternatively, Defendant RTSD decided to forgo the building substitute position and attempt to create a new position or different structure to avoid having to hire Plaintiff—the most qualified person for the position—all as pre-text to discrimination and retaliation.

30. Defendant RTSD, realizing Plaintiff was the only viable candidate or most qualified, took action to either not hire anyone, change the position, delay the hiring process, and/or other action arising from Defendant RTSD's discriminatory and retaliatory motives and intents.

31. Similarly situated individuals outside Plaintiff's protected classes have been treated better and more favorably.

## COUNT ONE
### Race and Religion Discrimination – Failure to Hire
*Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et. seq.*
**Plaintiff v. Defendant RTSD**

32. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

33. Defendant RTSD is an employer under 42 U.S.C. § 2000e-2 *et. seq* as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

34. Plaintiff is a person and has a protected class in her race and religion as she is a Jewish person and practices Judaism.

35. Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin."

36. Defendant RTSD discriminated and disparately treated Plaintiff by denying her hire due to her race and/or religion.

37. Defendant RTSD hired a person outside Plaintiff's protected classes.

38. Alternatively, Defendant RTSD decided to forgo the entire hiring of a building substitute or made an alternate position to avoid hiring Plaintiff, all in an effort to avoid having to hire Plaintiff, despite needing the position, all in furtherance of wrongful discrimination.

39. Plaintiff was the most qualified individual for the position.

40. As a direct and proximate result of Defendant RTSD's discrimination and retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

41. Alternatively, as Defendant RTSD considered Plaintiff's race and religion in denying her hire, she is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Nancy M. Schwartz, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

## COUNT TWO
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Defendant RTSD**

42. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

43. Plaintiff engaged in protected activity when she formally complained of discrimination to Defendant RTSD around May 2, 2014, which launched an investigation.

44. Thereafter, Plaintiff was subjected to various animus and antagonism leading to her voluntary separation from employment in or around January of 2018.

45. Defendant RTSD further retaliated against Plaintiff in denying her hire, when Plaintiff applied for the subject building substitute position.

46. Although not temporally proximate, the series of animus or antagonism following Plaintiff's protected activity raises to an inference of retaliation.

47. Alternatively, there is direct evidence that Plaintiff's prior protected activity was causally related and material as the but for- reason that Defendant RTSD did not hire Plaintiff.

48. As a direct and proximate result of Defendant RTSD's discrimination and retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

49. Alternatively, as Defendant RTSD considered Plaintiff's protected activity in deciding to deny Plaintiff hire, Plaintiff is entitled to a charge for mixed-motive retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Nancy M. Schwartz, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

**COUNT THREE**
**Discrimination and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendant RTSD**

50. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

51. Defendant RTSD is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant RTSD resides in the Commonwealth.

52. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of race and religion.

53. Defendant RTSD subjected Plaintiff to discrimination, disparate treatment, and retaliated as alleged *Supra*.

54. As a direct and proximate result of Defendant RTSD's discrimination and retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

55. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

56. Alternatively, as Defendant RTSD considered Plaintiff's race, religion, and/or protected activity in deciding to deny her hire, she is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Nancy M. Schwartz, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

**COUNT FOUR**
**Discrimination and Retaliation**
*Civil Rights Act of 1866, 42 U.S.C. §1981(a)*
**Plaintiff v. Defendant RTSD**

57. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

58. Defendant RTSD is subject to claims under 42 U.S.C. §1981.

59. Under 42 U.S.C. § 1981(a):

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

60. Courts have found that Jewish ancestry is protected and a cognizable basis to claim discrimination under §1981. Powell v. Independence Blue Cross, Inc., No. 95-cv-2509, 1997 WL 137198, at *7 (E.D. Pa. Mar. 26, 1997).

61. Here, Defendant RTSD discriminated against and disparately treated Plaintiff due to her Jewish Ancestry as alleged *Supra*.

62. Defendant RTSD further retaliated against Plaintiff for her protected activity as alleged *Supra*.

63. As a direct and proximate result of Defendant RTSD's discrimination and retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain, suffering,

9

inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

64. Defendant RTSD's actions were done with malice or reckless indifference to Plaintiff's federally protected rights and thus require punitive damages.

65. Plaintiff seeks further damages including attorney's fees and costs.

66. Plaintiff seeks an award of nominal damages.

WHEREFORE, Plaintiff, Esther Murray-Purnell, hereby demands judgment in her favor and against Defendant, Radnor Township School District, for any and all damages deemed reasonable and just.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQ.
Attorney for Plaintiff

*Attorney I.D. No. 200594*
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: September 1, 2023